UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROMEL MOREHOUSE,

  Petitioner,

v.               Case No. 10-C-0946

WILLIAM POLLARD, Warden,
Green Bay Correctional Institution,

  Respondent.

**ORDER ON RULE 4 REVIEW DIRECTING BRIEFING
ON THE ISSUE OF TIMELINESS**

The petitioner, Romel Morehouse ("Morehouse"), commenced this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 20, 2010. According to his petition, Morehouse was sentenced to twenty-five years initial confinement and twenty years extended supervision after being convicted of Felony Murder-Armed Robbery in the Milwaukee County Circuit Court on September 3, 2002. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

When I conduct the initial Rule 4 review of a habeas petition, one of the things I examine is

whether, on the face of the petition, it appears to be timely filed. Habeas petitions challenging the petitioner's confinement pursuant to a state court conviction are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute goes on to specify when the 1-year limitations period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

> The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The face of Morehouse's petition, together with the documents he filed therewith, indicate that he was convicted by the Milwaukee County Circuit Court on July 24, 2002, after entering a plea of guilty. It appears that his appellate counsel thereafter filed a no-merit report with the Wisconsin Court of Appeals to which Morehouse did not respond. The Wisconsin Court of Appeals affirmed the

2

judgment of conviction in *State v. Morehouse*, No. 2003AP2400-CRNM, unpublished slip op. on January 5, 2004.

Over five years later, on February 2, 2009, Morehouse filed with the Wisconsin Court of Appeals a state habeas corpus petition seeking to challenge his appellate counsel's representation in pursuing a no-merit appeal. On October 14, 2009, the court of appeals issued a decision denying Morehouse's petition for a writ of habeas corpus. On November 18, 2009, the court of appeals denied Morehouse's motion for reconsideration. On March 9, 2010, the Wisconsin Supreme Court denied Morehouse's petition for review.

Based on the foregoing sequence of events, this court is concerned that Morehouse's federal habeas petition may not have been filed in a timely fashion. To be sure, 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, it was not until February 2, 2009 (over five years after his conviction was affirmed by the state court of appeals), that Morehouse filed his state habeas corpus petition. By the time Morehouse filed his state habeas corpus petition, the one-year period of limitations had already expired. Thus, there was nothing for the filing of the state habeas corpus petition to toll. The one-year period of limitation cannot be tolled by the later filing of a motion or petition seeking collateral relief. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court [motion for post-conviction relief] that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'") (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)); *See also DeJesus v. Acevedo,* 567 F.3d 941 (7th Cir. 2009).

3

Rule 4 states that when conducting the initial examination of a habeas petition, if the petition is not summarily dismissed, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Therefore, before the court orders the respondent to answer Morehouse's petition, it will order the parties to submit briefs addressing only the issue of timeliness of Morehouse's petition.

**NOW THEREFORE IT IS ORDERED** that on or before November 29, 2010, the respondent file a brief addressing the timeliness of Morehouse's habeas petition;

**IT IS FURTHER ORDERED** that on or before December 31, 2010, the petitioner file a brief in response to the respondent's brief.

**SO ORDERED** this 25th day of October 2010, at Milwaukee, Wisconsin.

        **BY THE COURT:**

        /s/ William E. Callahan, Jr.
        WILLIAM E. CALLAHAN, JR.
        United States Magistrate Judge