UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROMEL MOREHOUSE,

    Petitioner,

v.                                    Case No. 10-C-0946

WILLIAM POLLARD, Warden,
Green Bay Correctional Institution,

    Respondent.

**DECISION AND ORDER DISMISSING HABEAS CORPUS PETITION
FOR UNTIMELINESS**

**I. BACKGROUND**

On October 20, 2010, the petitioner, Romel Morehouse ("Morehouse"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to his petition, Morehouse was sentenced to serve twenty-five years initial confinement and twenty years extended supervision after having been convicted of Felony Murder-Armed Robbery in the Milwaukee County Circuit Court on September 3, 2002. The face of Morehouse's petition, together with the documents he filed therewith, indicated that he was convicted by the Milwaukee County Circuit Court on July 24, 2002, after entering a plea of guilty. His appellate counsel thereafter filed a no-merit report with the Wisconsin Court of Appeals to which Morehouse did not respond. On January 5, 2004, the Wisconsin Court of Appeals affirmed his judgment of conviction. *See State v. Morehouse*, No. 2003AP2400-CRNM, unpublished slip opinion.

Over five years later, on April 17, 2009, Morehouse filed with the Wisconsin Court of Appeals a state habeas corpus petition seeking to challenge his appellate counsel's representation in pursuing a

no-merit appeal. (Resp't's Mot. to Dismiss, Attach. 5.) On October 14, 2009, the court of appeals issued a decision denying Morehouse's petition for a writ of habeas corpus. (Resp't's Mot. to Dismiss, Attach. 5.) On November 18, 2009, the court of appeals denied Morehouse's motion for reconsideration. (Resp't's Mot. to Dismiss, Attach. 5.) On March 9, 2010, the Wisconsin Supreme Court denied Morehouse's petition for review. (Resp't's Mot. to Dismiss, Attach. 5.)

Upon reviewing Morehouse's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this court was concerned that Morehouse's federal habeas corpus petition may have been filed in untimely fashion. Thus, on October 25, 2010, the court ordered that the parties file legal briefs addressing that issue. In accordance with the court's briefing schedule, on November 29, 2010, the respondent filed a motion to dismiss Morehouse's petition as untimely, together with a memorandum in support thereof. Morehouse 's response was due to be filed no later than December 31, 2010. Morehouse has not filed any response. Such being the case, the issue of the timeliness of Morehouse's federal habeas corpus petition is now fully briefed and is ready for resolution. For the reasons that follow, Morehouse's petition will be dismissed as untimely.[1]

---

[1] On October 27, 2010, Morehouse consented to magistrate judge jurisdiction. On November 3, 2010, the respondent consented to magistrate judge jurisdiction. Thereafter, on November 22, 2010, Morehouse filed another Consent/Refusal to Consent form on which he refused to consent to magistrate judge jurisdiction. But, Morehouse has not presented this court with any reason why he apparently now seeks to withdraw his consent to magistrate judge jurisdiction. And, it is only "extraordinary circumstances shown by [a] party" that warrant vacating a reference to a magistrate judge under 28 U.S.C. § 636(c)(1). *See* 29 U.S.C. § 636(c)(4); *see also Carter v. Sea Land Services, Inc.*, 816 F.2d 1018, 1020-21 (5th Cir. 1987) (holding that there is no right to withdraw consent) ("Any such rule would allow the party to hold the power of Damocles, ready to strike the reference should the magistrate [judge] issue a ruling not quite to the party's liking. We will not countenance such fast and loose toying with the judicial system."); *McGrath v. Everest National Insurance Company*, 2009 U.S. Dist. LEXIS 115355 (N.D. Ind. Dec. 10, 2009) (denying the defendants' motion to vacate referral to a magistrate judge absent a showing of extraordinary circumstances).

Parenthetically, one might infer that Morehouse decided that he wanted to withdraw his consent upon giving thought to this court's concern (as set forth in the court's October 25, 2010 Rule 4 Order)

## II. DISCUSSION

Habeas petitions challenging the petitioner's confinement pursuant to a state court conviction are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute goes on to specify when the one-year limitations period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

> The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

According to the documents submitted by the respondent in support of his motion to dismiss, the Milwaukee County Circuit Court entered a judgment of conviction against Morehouse on September 4,

---

about the timeliness of his petition. But, disagreement with a court's rulings is not a sufficient basis upon which to predicate withdrawal of magistrate judge consent. *See Carter, supra*. Allowing such to occur would only encourage judge shopping.

2002. Morehouse appealed his conviction to the Wisconsin Court of Appeals pursuant to Wis. Stat. § 809.32 and *Anders v. California*, 386 U.S. 738 (1967). On January 5, 2004, the Wisconsin Court of Appeals affirmed Morehouse's conviction. Under Wisconsin law, an unsuccessful appellant may petition the Wisconsin Supreme Court to review the court of appeals's decision. Wis. Stat. § 809.62. Such petition must be filed within thirty days of the Wisconsin Court of Appeals's decision. Wis. Stat. § 809.62(1m). That time period may not be extended. *First Wis. Nat'l Bank of Madison v. Nicholaou*, 87 Wis. 2d 360, 365, 274 N.W.2d 704 (1979). Morehouse did not file a petition for review by February 4, 2004, i.e., within thirty days after the court of appeals's decision. Thus, because the one-year limitations period for filing a federal petition for a writ of habeas corpus begins to run on the expiration of the time for seeking direct review, *see* 28 U.S.C. § 2244(d)(1)(A), that one-year period began to run for Morehouse on February 5, 2004. *See Farmer v. Litscher*, 303 F.3d 840, 845-46 (7th Cir. 2002). This of course means that Morehouse had to file his federal habeas petition on or before February 5, 2005, in order for it to have been timely filed. He did not do so. Instead, and as stated previously, Morehouse did not file his federal habeas petition until over five years later, on October 20, 2010.

To be sure, on March 11, 2009, Morehouse filed with the Milwaukee County Circuit Court a motion to correct his sentence, which motion was denied on March 16, 2009. (Resp't's Mot. to Dismiss, Attach. 4.) Moreover, on April 17, 2009, Morehouse filed a petition for a state writ of habeas corpus with the Wisconsin Court of Appeals. (Resp't's Mot. to Dismiss, Attach. 5.) On October 14, 2009, the court of appeals denied that petition. (Resp't's Mot. to Dismiss, Attach. 5.) On November 2, 2009, Morehouse filed a motion for reconsideration, which motion was denied by the court of appeals on November 18, 2009. (Resp't's Mot. to Dismiss, Attach. 5.) On December 23, 2009, Morehouse filed a petition for review with the Wisconsin Supreme Court. (Resp't's Mot. to Dismiss, Attach. 5.) The supreme court

4

denied that petition on March 9, 2010. (Resp't's Mot. to Dismiss, Attach. 5.)

Pursuant to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, by the time Morehouse filed his first motion on March 11, 2009, to wit, his motion to correct sentence, the one-year federal habeas statute of limitations had already expired (i.e., on February 5, 2005). Unfortunately for Morehouse, "a state court [motion for post-conviction relief] that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)); *see also De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (stating that "a state proceeding that does not begin until the federal year has expired is irrelevant" and does not restart the one-year time limitation).

Of course, equitable tolling of the federal habeas corpus statute of limitations is appropriate under certain circumstances. The United States Supreme Court recently made this clear in *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010), in which it held that "§ 2244(d) is subject to equitable tolling in appropriate cases." The Court stated that to be entitled to equitable tolling a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

But, Morehouse has not demonstrated that he is entitled to invoke the doctrine of equitable tolling. More precisely, he has not demonstrated either that he has been pursuing his rights diligently or that some extraordinary circumstance stood in his way and prevented timely filing of his federal habeas corpus petition. Indeed, he has not filed any written submission whatsoever in response to the respondent's

5

motion to dismiss. Thus, this court has no basis upon which to find that Morehouse's federal habeas corpus petition should be saved by the doctrine of equitable tolling.

In conclusion, Morehouse's federal petition for a writ of habeas corpus was filed in an untimely fashion. Thus, his petition will be dismissed.[2]

The recently amended provisions of Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides, in pertinent part, as follows:

> a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Under 28 U.S.C. § 2253(c), a district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the habeas petition is denied on procedural grounds without addressing the prisoner's underlying constitutional claim, a certificate of appealability is issued only if the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Jimenez v. Quarterman,* 555 U.S. 113, 129 S. Ct. 681, 684 n.3 (2009) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). As the Seventh Circuit similarly held, "[i]f success on a non-constitutional issue is essential . . ., and there is no substantial argument that the district

---

[2] Simultaneous with Morehouse's filing of his habeas petition on October 20, 2010, he also filed a motion for evidentiary hearing, a motion for appointment of counsel, and a motion to hold his habeas corpus petition in abeyance. By virtue of this court's decision with respect to the timeliness of Morehouse's habeas petition, those motions have been rendered moot. Thus, each of those motions will be denied, as moot.

judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

In my opinion, and for the reasons set forth in this decision dismissing Morehouse's habeas petition, none of Morehouse's claims warrant a certificate of appealability. Put simply, the statutory timeliness of Morehouse's petition is a straightforward issue, and this court does not believe that a reasonable jurist would find it debatable whether this court erred in resolving this non-constitutional question. Because this finding alone is sufficient grounds to deny a certificate of appealability, I need not determine whether the petition states a valid constitutional question that jurists of reason would find debatable. Consequently, the court will deny Morehouse a certificate of appealability.

Of course, Morehouse retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

**NOW THEREFORE IT IS ORDERED** that Morehouse's petition for a writ of habeas corpus be and hereby is **DISMISSED** for untimeliness;

**IT IS FURTHER ORDERED** that Morehouse's motion for evidentiary hearing, motion for appointment of counsel, and motion to hold his habeas corpus petition in abeyance be and hereby are **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

**SO ORDERED** this 10th day of January, 2011 at Milwaukee, Wisconsin.

> BY THE COURT:
>
> s/ William E. Callahan, Jr.
> WILLIAM E. CALLAHAN, JR.
> United States Magistrate Judge